**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**REGENOLD HACKETT, JR.**                                        **PLAINTIFF**

**v.**                          **No. 3:15-CV-00168-JTR**

**CAROLYN W. COLVIN,**
**Acting Commissioner,**
**Social Security Administration**                          **DEFENDANT**

<u>**ORDER AFFIRMING THE COMMISSIONER**</u>

Regenold Hackett ("Hackett") applied for social security disability benefits with an alleged disability onset date of April 1, 2007. (R. at 114). The administrative law judge ("ALJ") heard Hackett's case and found him not to be disabled. (R. at 11). The Appeals Council denied review, rendering the ALJ's decision the final decision of the Commissioner. (R. at 1). Hackett has requested judicial review.

For the reasons stated below, this Court[1] affirms the ALJ's decision.

**I.     The Commissioner's Decision**

The ALJ found that Hackett had the severe impairments of borderline intellectual functioning, mood disorder, and antisocial personality disorder. (R. at 13). After considering the record, the ALJ found that Hackett had the residual functional capacity ("RFC") to perform work at all exertional levels, but with

---

[1]The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. *Doc. 4.*

nonexertional limits restricting Hackett to unskilled work where: interpersonal contact is incidental to the work performed; the complexity of tasks is learned and performed by rote, involves few variables, and requires little independent judgment; and supervision is simple, direct, and concrete. (R. at 19). Hackett had no past relevant work. (R. at 26). With testimony from a vocational expert, the ALJ found that Hackett could work in jobs such as industrial cleaner or warehouse worker. (R. at 27). Accordingly, the ALJ concluded that Hackett was not disabled. (R. at 28).

## II.  Discussion

Hackett argues that the evidence in the record does not support the ALJ's RFC determination. He contends that his mental health issues preclude him from engaging in any substantial gainful activity.

The Court reviews the record to determine whether substantial evidence on the record as a whole supports the Commissioner's decision. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). The Court will affirm the Commissioner's decision if there is evidence that a reasonable mind would accept as adequate to support the Commissioner's decision. *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995). Even if substantial evidence would support an opposite decision, as long as the ALJ's decision is also supported by substantial evidence, it must be affirmed. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009).

In early 2007, Hackett received diagnoses of depressive disorder and oppositional defiant disorder. (R. at 465). For a number of months thereafter, he received treatment for those problems. (R. at 370-465). Despite his satisfaction with treatment and seeing some improvement, he terminated services on September 20, 2007. (R. at 371).

The record shows no more treatment for psychological issues until August 16, 2010, when he underwent a mental diagnostic examination at the behest of the Social Security Administration. (R. at 481). The examiner noted that Hackett did not appear to give full effort during the examination, which caused the examiner to conclude that Hackett's intelligence test results were not valid due to his lack of effort. (R. at 482-83). Hackett claimed to have bipolar disorder but took no medication for it and had not refilled prescriptions for a mood disorder. (R. at 484). The examiner assigned a global assessment of functioning score ("GAF score") of 43, but she also noted that malingering was possible due to Hackett not giving full effort. (R. at 484–85).

Hackett later reported that he felt better after starting medication. (R. at 506). He also reported a decrease in anger control problems and in mood swings after treatment and beginning medication. (R. at 492). Impairments that can be controlled with medication are not considered disabling. *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014). Notably, Hackett denied any feelings of depression or

thoughts of self-harm when seeking medical attention on numerous occasions. (R. at 540, 551, 567, 581, 595, 608, 618, 627, 644).

In arriving at his RFC determination, the ALJ discounted Hackett's credibility. The ALJ noted in the decision that Hackett appeared to present his mental condition better during treatment as opposed to his presentation when being evaluated for disability. (R. at 24). The medical records provide support for the ALJ's observation. The ALJ also observed that Hackett's low earnings history and the medical record indicate a lack of motivation to work. (R. at 25). Hackett's earnings records are negligible. (R. at 239–40). Hackett testified that he could not get along with an employer because he always felt that whatever an employer offered to pay him was inadequate. (R. at 42-43). The Court defers to the ALJ's credibility determination when it is supported by good reasons and substantial evidence. *Turpin*, 750 F.3d at 993. The ALJ provided good reasons for discounting Hackett's credibility, and substantial evidence supports that determination.

Finally, Hackett argues that the ALJ erred by not giving greater weight to his history of low GAF scores. A history of low GAF scores cannot be ignored and can indicate that a claimant cannot engage in substantial gainful activity. *Pate-Fires v. Astrue*, 564 F.3d 935, 944 (8th Cir. 2009). However, Hackett's GAF scores must be weighed against the evidence of malingering, lack of motivation to work, and the other objective medical evidence, including Hackett's failure to seek

treatment or maintain a course of medication that—by all accounts—helped to control his impairments. The GAF scores alone do not overcome the substantial evidence supporting the ALJ's RFC determination, which accounted for Hackett's social difficulties by limiting him to unskilled work where: interpersonal contact is incidental to the work performed; the complexity of tasks is learned by rote, involves few variables, and requires little independent judgment; and supervision is simple, direct, and concrete. (R. at 19).

While there is no doubt that Hackett suffers from social and psychological difficulties, the record supports the ALJ's conclusion that that these impairments do not rise to the level of disability.

## III.   Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court concludes that the record as a whole contains ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of

the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court further concludes that the ALJ's decision is not based on legal error.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is affirmed and Hackett's Complaint is DISMISSED, WITH PREJUDICE.

DATED this 1st day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE